**Michael E. Caples,** SBN No. 96340 (Admitted *Pro Hac Vice*)
Email:  mcaples@fablaw.com
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, CA 94612
Portland, Oregon 97204
Telephone:    (510) 451-3300
Facsimile:    (510) 451-1527

**Keith A. Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Mark A. Friel**, OSB No. 002592
Email: mfriel@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

Attorneys for Defendant Scott Mahalick

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ENTERCOM COMMUNICATIONS CORP.; ENTERCOM SAN FRANCISCO, LLC; ENTERCOM SEATTLE, LLC; and ENTERCOMP PORTLAND, LLC, | Case No. 3:09-cv-1050-HA |
| Plaintiff(s), | ANSWER TO FIRST AMENDED COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| SCOTT MAHALLICH, LARRY WILSON, ROBERT PROFFITT, and ALPHA BROADCASTING, LLC, | |
| Defendant(s). | |

{SSBLS Main Documents\8043\001\00239232-1 }

Page  1 **-**   ANSWER TO FIRST AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendant Scott Mahalick ("Mahalick") on behalf of himself, alone, answers the First Amended Complaint ("Complaint") herein, as follows:

**JURISDICTION AND VENUE**

1.     Defendant admits the allegations of Paragraph 1 of the Complaint.

2.     Defendant admits the allegations of Paragraph 2 of the Complaint.

3.     Defendant denies a substantial part of the events or omissions giving rise to the claims asserted in the Complaint are occurring in the District of Oregon.  Defendant admits they are subject to personal jurisdiction in the District of Oregon.

**PARTIES**

4.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and based thereon denies each and every said allegation.

5.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and based thereon denies each and every said allegation.

6.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and based thereon denies each and every said allegation.

7.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and based thereon denies each and every said allegation.

8.     Paragraph 8 of the Complaint is devoid of allegations of fact requiring a response from Defendant.

9.     Defendant admits Mahalick is a former employee, not employer as alleged, of Entercom San Francisco LLC, where he was Program Director.  Defendant admits Mahalick he

{SSBLS Main Documents\8043\001\00239232-1 }

Page  2 **-**   ANSWER TO FIRST AMENDED COMPLAINT

served as Program Director of Entercom Seattle LLC, but denies he was employed by Entercom Seattle LLC.  Defendant admits Mahalick currently is employed by Alpha Broadcasting LLC as Director of Programming Music stations for Alpha's Portland, Oregon stations, and as Program Director of Alpha's Portland country station.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 9 of the Complaint.

10.    Defendant admits Wilson is the founder, and principal owner and Chief Executive Officer of Alpha.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 10 of the Complaint.

11.    Defendant admits Robert Proffitt is the chief Operating Officer of Alpha.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 11 of the Complaint.

12.    Defendant admits the allegations of Paragraph 12 of the Complaint.

13.    Paragraph 13 of the Complaint is devoid of allegations of fact requiring a response from Defendant.

## RESPONSE TO FACTUAL ALLEGATIONS

14.    Defendant denies Citadel Communications/Citadel Media was a privately held company.  Except as specifically denied herein, Defendant admits the allegations of Paragraph 14 of the Complaint.

15.    Defendant admits the allegations of Paragraph 10 of the Complaint.

16.    Defendant are informed and believe that Entercom Communications, Entercom San Francisco LLC, Entercom Seattle LLC and Entercom Portland LLC directly own radio stations in several United States markets, including San Francisco radio station KBWF and Seattle radio station KKWF, both of which are country stations operating under the brand "Wolf."  Except as specifically set forth above in this paragraph, Defendant denies the allegations of Paragraph 16 of the Complaint.

{SSBLS Main Documents\8043\001\00239232-1 }

Page  3 -   ANSWER TO FIRST AMENDED COMPLAINT

17.    Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and based thereon denies each and every said allegation.

18.    Defendant admits the allegations of Paragraph 18 of the Complaint.

19.    Defendant admits the allegations of Paragraph 19 of the Complaint.

20.    Defendant admits the allegations of Paragraph 20 of the Complaint.

21.    Defendant admits Mahalick's services for Plaintiffs were primarily intellectual. Except as specifically admitted herein, Defendant denies the allegations of Paragraph 21 of the Complaint.

22.    Defendant admits the allegations of Paragraph 22 of the Complaint.

23.    Defendant admits the allegations of Paragraph 23 of the Complaint.

24.    Defendant admits the allegations of Paragraph 24 of the Complaint.

25.    Defendant admits the allegations of Paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint is devoid of allegations of fact requiring a response from Defendant.

27.    Defendant denies the listed information constituted trade secrets or confidential information, except that Defendant admits Plaintiffs' financial information was confidential. Defendant further denies that Mahalick was provided with customer information, program techniques, financial information, or music selection.  Defendant admits Mahalick had access to music research, contesting, imaging and event strategies, sales strategies and methods and promotional programs and techniques.  Defendant further admits Mahalick was paid to develop some of the information listed in Paragraph 27 of the Complaint.  Except as specifically admitted herein, Defendant denies any remaining allegations of Paragraph 27 of the Complaint.

28.    Defendant denies the allegations of Paragraph 28 of the Complaint.

29.    Defendant denies the allegations of Paragraph 29 of the Complaint.

30.    Defendant admits the allegations of Paragraph 30 of the Complaint.

{SSBLS Main Documents\8043\001\00239232-1 }

Page  4 -   ANSWER TO FIRST AMENDED COMPLAINT

31.    Defendant denies the allegations of Paragraph 31 of the Complaint.

32.    Defendant denies the allegations of Paragraph 32 of the Complaint.

33.    Defendant denies the allegations of Paragraph 33 of the Complaint.

34.    Defendant denies the allegations of Paragraph 34 of the Complaint.

35.    Defendant admits the allegations of Paragraph 35 of the Complaint.

36.    Defendant admits that on or about August 3, 2009 Mahalick had conversations with some of the individuals listed in Paragraph 36, and further admits that in some of those conversations Mahalick stated that he was in serious financial difficulties with respect to his interest in Aurora Communications, which was losing money in connection with a radio station in Las Vegas, Nevada. Defendant denies that Mahalick represented to any Entercom representative that he was 100% owner of Aurora. Defendant admits Mahalick represented that he was having to invest approximately $35,000.00 per month into Aurora. Defendant admits Mahalick stated to certain Entercom representatives that Luther King Capital Management was interested in taking on some or all of Defendant's obligation with respect to Aurora. Defendant denies Mahalick stated to any person at any time that a condition of Luther King Capital Management's willingness to take on some or all of Mahalick's obligation with respect to Aurora was Mahalick terminating his employment agreement with Entercom San Francisco LLC prior or February 27, 2010 and becoming a partner with Luther King Capital Management. Defendant admits that Mahalick stated to certain Entercom representatives that Luther King Capital Management had no connection with Larry Wilson and Alpha Broadcasting, or any company owned by Larry Wilson. Defendant admits Mahalick stated to certain Entercom representatives that Larry Wilson and others in the industry knew he had a contract with Entercom and that Larry Wilson would not approach him as long as he was employed at Entercom. Except as specifically admitted herein, Defendant denies any and all remaining allegations of Paragraph 36 of the Complaint.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

37.     Defendant admits and asserts that in response to pressure from Entercom representatives, including their statements that Mahalick was bound by his employment contract until February 27, 2010 and could not quit early, and that they would not tolerate his working for Larry Wilson, he acknowledged the contract and stated that he guessed he would just have to keep working then.  Defendant further admits that Mahalick based his request to be released from his agreement upon his financial situation in relation to Aurora and had did not relate to Larry Wilson.  Except as specifically admitted herein, Defendant denies any and all remaining allegations of Paragraph 37 of the Complaint.

38.     Defendant admits Mahalick met with Hutchison and Kane on or about August 6, 2009.  Defendant lacks sufficient information to form a belief as to the truth of the allegations relating to Entercom's, or its representatives', motivations for the meeting, and based thereon denies said allegations.  Defendant further admits that Mahalick stated to Hutchison and Kane that the financial issues regarding Aurora had been addressed, but denies that such statement was contrary to any prior statement.  Except as specifically admitted herein, Defendant denies any and all remaining allegations of Paragraph 38 of the Complaint.

39.     Defendant admits that at the Seattle meeting on or about August 6, 2009 Mahalick told Hutchison and Kane that he still wanted to leave Entercom even though the financial situation regarding Aurora was resolved.  Defendant denies Mahalick stated he wanted to leave to follow his "entrepreneurial interests," but admits and assert that he did state he wanted to build a radio station and have an equity interest.  Defendant admits and assert that in response to Hutchison's and Kane's insistence that Mahalick could not, and would not be allowed to, compete with Entercom in the Portland market, he offered to enter into a noncompetition agreement with Entercom for San Francisco and Seattle, but refused to do so for Portland. Defendant further admits and asserts that Mahalick declined to agree to Entercom's suggestions that he continue serving Entercom post-employment as a consultant because he recognized the offer as merely another way Entercom would limit his otherwise lawful freedom to pursue the

{SSBLS Main Documents\8043\001\00239232-1 }

Page  6 -   ANSWER TO FIRST AMENDED COMPLAINT

livelihood of his choice.  Defendant admits and assert that when Hutchison and Kane insisted Mahalick could not leave Entercom's employ, claiming he was legally bound to work only for Entercom and no one else until the expiration of his contract, he understood he might have no choice but to continue with Entercom.  Defendant denies stating he would stay on through February, and asserts that he stated, "if you won't let me leave I guess I will have to stay until 2010."  Except as specifically admitted herein, Defendant denies any and all remaining allegations of Paragraph 39 of the Complaint.

      40.     Defendant admits the allegations of Paragraph 40 of the Complaint.

      41.     Defendant admits the allegations of Paragraph 41 of the Complaint.

      42.     Defendant admits that on or about August 10, 2009, in a conversation with Pat Paxton, Mahalick offered to enter into a noncompetition agreement with Entercom covering the San Francisco and Seattle markets, but refusing, contrary to Paxton's insistence, to do so for the Portland market.  Defendant admits and assert that, in response to Paxton's statement that Entercom would not allow Mahalick to depart prior to the end of his contract, Mahalick stated that if Paxton was saying Defendant had no option, and could not leave, then he would have to stay, and that he would continue to give Entercom 100% effort as long as he was there.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 42 of the Complaint.

      43.     Defendant denies Mahalick gave Walker no notice of his intention to take vacation and approached Walker for the first time on August 13, 2009 regarding vacation. Defendant admits and assert that Mahalick submitted his vacation request approximately ten days to two weeks previously, when he made known his desire to leave Entercom, that between that request and August 13 neither Walker nor any other Entercom representative responded to the request, that Mahalick therefore, on or about August 13, 2009, told Walker he was starting his vacation the next day, that he had heard nothing back from Walker, and asked what was up, and that at that point Walker told Mahalick he could take his vacation.  Defendant admits that the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

vacation was to run from August 14 to August 31, 2009. Defendant denies Mahalick wrote to any employees telling them he would return to work on August 31, 2009, but admits and asserts that he turned on the "out of office" function on his email stating that he would be out from August 14 to August 31, 2009 on vacation. Except as specifically admitted herein, Defendant denies the remaining allegations of Paragraph 43 of the Complaint.

44. Defendant denies Mahalick is or was sole owner of Aurora. Defendant admits and assert that by email dated August 13, 2009, Walker informed Mahalick that a press release announcing consulting arrangements between Aurora and other broadcasters would be inconsistent with the exclusivity provision of Mahalick's employment agreement, and further stating, without foundation, that "If my understanding of what you intend to include in that release is correct, namely, references to you, directly or indirectly through Aurora Media, performing consulting services directly or indirectly to Alpha Broadcasting in Portland, such a release would be a direct violation of the exclusivity provision in your agreement. I am informing you now that if you or Aurora issues such a release, the Company will seek to recover damages flowing from such a release and will institute litigation against Alpha Broadcasting if it continues with such an arrangement." Except as specifically admitted herein, Defendant denies the remaining allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant admits that Walker sent Mahalick an email on August 13, 2009, purporting to summarize what Walker believed to be some of Mahalick's obligations under his employment agreement, claiming Mahalick was in breach of some of them and asserting that Entercom would sue Mahalick and Alpha Broadcasting. Except as specifically admitted herein, Defendant denies the remaining allegations of Paragraph 46 of the Complaint.

47. Defendant admits the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

{SSBLS Main Documents\8043\001\00239232-1 }

Page 8 - ANSWER TO FIRST AMENDED COMPLAINT

50.     Defendant denies the allegations of Paragraph 50 of the Complaint.

51.     Defendant denies the allegations of Paragraph 51 of the Complaint.

52.     Defendant admits that in or about April 2009, Wilson invited Proffitt and Mahalick to attend a meeting to explore the possibility of acquiring radio stations.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 52 of the Complaint.

53.     Defendant admits that after Mahalick became employed by Alpha, he, Wilson and Proffitt exchanged ideas regarding recruiting vendors and employees to work for Alpha. Defendant admits that between May 2009 and Mahalick's departure from the employ of Entercom, he suggested non-proprietary, non-trade secret, non-confidential names of certain vendors to Alpha.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 53 of the Complaint.

54.     The allegations of Paragraph 54 of the Complaint are incomprehensible, and based thereon Defendant denies each and every said allegation.

55.     Defendant denies the allegations of Paragraph 55 of the Complaint.

56.     Defendant denies the allegations of Paragraph 56 of the Complaint.

57.     Defendant admits that in or about June 2009 Mahalick recommended to Walker that Keola Lui-Kwan not be renewed as an on-air personality because his on-air performance and ratings were not good.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 57 of the Complaint.

58.     Defendant admits that on or about June 26, 2009, Mahalick sent an email stating in substance, "This is our APD/PM drive talent in San Francisco.  He can really bring it!! Fun! This kid is going to be a super star."  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 58 of the Complaint.

59.     Defendant admits Alpha, through Keola Lui-Kwan's agent, recently signed an employment agreement with Lui-Kwan.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 59 of the Complaint.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

60.    Defendant admits that in or about June 2009 Mahalick began discussing with Wilson and Proffitt possible employment with an entity owned by Wilson, including salary and bonus.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 60 of the Complaint.

61.    Defendant denies the allegations of Paragraph 61 of the Complaint.

62.    Defendant admits the allegations of Paragraph 62 of the Complaint.

63.    Defendant admits that on or about On July 11, 2009, Mahalick sent a memorandum to Wilson and Proffitt setting forth his comments regarding strengths and weaknesses of the CBS country music station in Portland, Oregon and the strengths and weaknesses of Entercom's country music station in Portland.  Defendant admits that in the memorandum Mahalick stated :

The Wolf should pull out of their 3.3 12+ shares soon , and can speed that up by making the adjustment I mentioned above and more but will never get my thoughts."  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 63 of the Complaint.

64.    Defendant admits the allegations of Paragraph 64 of the Complaint.

65.    Defendant admits the allegations of Paragraph 65 of the Complaint.

66.    Defendant admits the allegations of Paragraph 66 of the Complaint.

67.    Defendant admits the allegations of Paragraph 67 of the Complaint.

68.    Defendant admits the allegations of Paragraph 68 of the Complaint.

69.    Defendant admits that on or about August 15, 2009, Mahalick wrote to Wilson and informed him that he had resigned from Entercom and further stated "my counsel has advised me that I am free and clear to discuss potential employment opportunities with other companies."  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 69 of the Complaint.

70.    Defendant admits the allegations of Paragraph 70 of the Complaint.

71.    Defendant admits the allegations of Paragraph 71 of the Complaint.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

72.     Defendant admits the allegations of Paragraph 72 of the Complaint.

73.     Defendant admits that Mahalick participated in Entercom's "Beat the Bank" promotions conducted in Seattle in 2007 and 2008 and in San Francisco in 2007.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 73 of the Complaint.

74.     Defendant denies the allegations of Paragraph 74 of the Complaint.

75.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint, and based thereon denies each and every said allegation.

76.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint, and based thereon denies each and every said allegation.

77.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint, and based thereon denies each and every said allegation.

78.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 78 of the Complaint, and based thereon denies each and every said allegation.

79.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint, and based thereon denies each and every said allegation.

80.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint, and based thereon denies each and every said allegation.

81.     Defendant admits the "Beat the Bank" promotion Alpha ran on its station KUPL in Portland, Oregon, was similar to the "Beat the Bank" promotion Mahalick developed for Entercom which was itself similar to promotions Mahalick developed for prior employers, and

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

similar to other cash give-away promotions run by radio stations throughout the country.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 81 of the Complaint.

82.    Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 82 of the Complaint, and based thereon denies each and every said allegation.

83.    Defendant admits that on or about January 28, 2010, Entercom Portland sent a letter to Alpha claiming it had  rights in the title "Beat the Bank"  and demanding that Alpha Broadcasting cease and desist using said title.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 83 of the Complaint.

84.    Defendant denies the allegations of Paragraph 84 of the Complaint.

85.    Defendant denies the allegations of Paragraph 85 of the Complaint.

86.    Defendant denies the allegations of Paragraph 86 of the Complaint.

87.    Defendant denies the allegations of Paragraph 87 of the Complaint.

88.    Defendant denies the allegations of Paragraph 88 of the Complaint.

## FIRST CLAIM

### (Breach of Contract)

89.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 of the Complaint

90.    Defendant admits the allegations of Paragraph 90 of the Complaint.

91.    Defendant denies the allegations of Paragraph 91 of the Complaint, and each subpart thereof.

92.    Defendant denies the allegations of Paragraph 92 of the Complaint.

93.    Defendant denies the allegations of Paragraph 93 of the Complaint.

### SECOND CLAIM FOR RELIEF

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**(Breach of Fiduciary Duty/Duty of Loyalty)**

94.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 of the Complaint.

95.    Defendant denies the allegations of Paragraph 95 of the Complaint, and each subpart thereof.

96.    Defendant denies the allegations of Paragraph 96 of the Complaint, and each subpart thereof.

97.    Defendant denies the allegations of Paragraph 97 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition)**

**COUNT ONE - Violation of Uniform Trade Secrets Act**

98.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 of the Complaint.

99.    Defendant lacks sufficient information to form a belief as to the truth of the allegations on Paragraph 99 and its subparts, and based thereon denies each and every said allegation.

100.    Defendant lacks sufficient information to form a belief as to the truth of the allegations on Paragraph 100, and based thereon denies each and every said allegation.

101.    Defendant lacks sufficient information to form a belief as to the truth of the allegations on Paragraph 101, and based thereon denies each and every said allegation.

102.    Defendant denies the allegations of Paragraph 102 of the Complaint.

103.    Defendant admits Mahalick had frequent communications with Mike Moore, and that Mike Moore was Entercom's Director of Country Programming for seven of its country stations, and Program Director for its Portland, Oregon country station.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 103 of the Complaint.

{SSBLS Main Documents\8043\001\00239232-1 }

Page  13 - ANSWER TO FIRST AMENDED COMPLAINT

104.    Defendant denies the allegations of Paragraph 104 of the Complaint.

105.    Defendant denies the allegations of Paragraph 105 of the Complaint.

106.    Defendant denies the allegations of Paragraph 106 of the Complaint.

107.    Defendant denies the allegations of Paragraph 107 of the Complaint.

108.    Defendant denies the allegations of Paragraph 108 of the Complaint.

109.    Defendant denies the allegations of Paragraph 109 of the Complaint.

110.    Defendant denies the allegations of Paragraph 110 of the Complaint.

111.    Defendant denies the allegations of Paragraph 111 of the Complaint.

112.    Defendant denies the allegations of Paragraph 112 of the Complaint.

113.    Defendant denies the allegations of Paragraph 113 of the Complaint.

114.    Defendant denies the allegations of Paragraph 114 of the Complaint.

115.    Defendant denies the allegations of Paragraph 115 of the Complaint.

116.    Defendant denies the allegations of Paragraph 116 of the Complaint.

### COUNT TWO - Unfair Competition

117.    Defendant repeats and incorporates herein by reference as though fully set forth his responses to Paragraphs 1-71 and 99-116 of the Complaint.

118.    Defendant denies the allegations of Paragraph 118 of the Complaint.

119.    Defendant denies the allegations of Paragraph 119 of the Complaint.

120.    Defendant denies the allegations of Paragraph 120 of the Complaint.

121.    Defendant denies the allegations of Paragraph 121 of the Complaint.

122.    Defendant denies the allegations of Paragraph 122 of the Complaint.

123.    Defendant denies the allegations of Paragraph 123 of the Complaint.

124.    Defendant denies the allegations of Paragraph 124 of the Complaint.

125.    Defendant denies the allegations of Paragraph 125 of the Complaint.

### FOURTH CLAIM FOR RELIEF

### (Fraud)

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

126.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 of the Complaint.

127.    Defendant admits the allegation of Paragraphs 127(c) and (f).  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 127 and each of its subparts.

128.    Defendant denies the allegations of Paragraph 128 of the Complaint.

129.    Defendant admits that in or about June 2009 Mahalick recommended to Walker that Keola Lui-Kwan not be renewed as an on-air personality because his on-air performance and ratings were not good.  Except as specifically admitted herein, Defendant denies the allegations of Paragraph 129 of the Complaint.

130.    Defendant denies the allegations of Paragraph 130 of the Complaint.

131.    Defendant denies the allegations of Paragraph 131 of the Complaint.

132.    Defendant denies the allegations of Paragraph 132 of the Complaint.

133.    Defendant denies the allegations of Paragraph 133 of the Complaint.

134.    Defendant denies the allegations of Paragraph 134 of the Complaint.

135.    Defendant denies the allegations of Paragraph 135 of the Complaint.

## COUNT ONE - Common Law Fraud

136.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 and 127-135 of the Complaint.

137.    Defendant denies the allegations of Paragraph 137 of the Complaint.

138.    Defendant denies the allegations of Paragraph 138 of the Complaint.

## COUNT TWO - Negligent Misrepresentation

139.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 and 127-135 of the Complaint.

140.    Defendant denies the allegations of Paragraph 140 of the Complaint.

141.    Defendant denies the allegations of Paragraph 141 of the Complaint.

{SSBLS Main Documents\8043\001\00239232-1 }

Page  15 -  ANSWER TO FIRST AMENDED COMPLAINT

142.    Defendant denies the allegations of Paragraph 142 of the Complaint.

143.    Defendant denies the allegations of Paragraph 143 of the Complaint.

144.    Defendant denies the allegations of Paragraph 144 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### (Interference with Contract or Business Expectancy)

### COUNT ONE

145.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 of the Complaint.

146.    Defendant admits that Mahalick had an employment agreement for a fixed term ending February 2010, and further assert that said contract was void as in violation of California Business & Professions Code section 16600, and was imposed upon Mahalick in violation of California Business & Professions Code section 17200.

147.    Defendant admits the allegations of Paragraph 147 of the Complaint.

148.    Defendant denies the allegations of Paragraph 148 of the Complaint.

149.    Defendant denies the allegations of Paragraph 149 of the Complaint.

150.    Defendant denies the allegations of Paragraph 150 of the Complaint.

151.    Defendant denies the allegations of Paragraph 151 of the Complaint.

152.    Defendant denies the allegations of Paragraph 152 of the Complaint.

153.    Defendant denies the allegations of Paragraph 153 of the Complaint.

154.    Defendant denies the allegations of Paragraph 154 of the Complaint.

### COUNT TWO

155.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 of the Complaint.

156.    Defendant denies the allegations of Paragraph 156 of the Complaint.

157.    Defendant denies the allegations of Paragraph 157 of the Complaint.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

158.    Defendant denies the allegations of Paragraph 158 of the Complaint.

159.    Defendant denies the allegations of Paragraph 159 of the Complaint.

## COUNT THREE

160.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 of the Complaint.

161.    Defendant denies the allegations of Paragraph 161 of the Complaint.

162.    Defendant denies the allegations of Paragraph 162 of the Complaint.

163.    Defendant denies the allegations of Paragraph 163 of the Complaint.

164.    Defendant denies the allegations of Paragraph 164 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### (Interference with Present and Future Economic Relations)

165.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 of the Complaint.

166.    Defendant denies the allegations of Paragraph 166 of the Complaint.

167.    Defendant denies the allegations of Paragraph 167 of the Complaint.

168.    Defendant denies the allegations of Paragraph 168 of the Complaint.

169.    Defendant denies the allegations of Paragraph 169 of the Complaint.

170.    Defendant denies the allegations of Paragraph 170 of the Complaint.

171.    Defendant denies the allegations of Paragraph 171 of the Complaint.

172.    Defendant denies the allegations of Paragraph 172 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### (Conversion)

173.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71 of the Complaint.

174.    Defendant denies the allegations of Paragraph 174 of the Complaint.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

175.    Defendant denies the allegations of Paragraph 175 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

### (Aiding and Abetting)

176.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-71, 95-97, 127-135, 174-175 of the Complaint.

177.    Defendant denies the allegations of Paragraph 177 of the Complaint.

178.    Defendant denies the allegations of Paragraph 178 of the Complaint.

179.    Defendant denies the allegations of Paragraph 179 of the Complaint.

180.    Defendant denies the allegations of Paragraph 180 of the Complaint.

181.    Defendant denies the allegations of Paragraph 181 of the Complaint.

## NINTH CLAIM FOR RELIEF

### (Federal Trademark Infringement)

182.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-88 of the Complaint.

183.    Defendant denies the allegations of Paragraph 183 of the Complaint.

184.    Defendant denies the allegations of Paragraph 184 of the Complaint.

185.    Defendant denies the allegations of Paragraph 185 of the Complaint.

186.    Defendant denies the allegations of Paragraph 186 of the Complaint.

187.    Defendant denies the allegations of Paragraph 187 of the Complaint.

188.    Defendant denies the allegations of Paragraph 188 of the Complaint.

## TENTH CLAIM FOR RELIEF

### (Federal Unfair Competition)

189.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-88 of the Complaint.

190.    Defendant denies the allegations of Paragraph 190 of the Complaint.

{SSBLS Main Documents\8043\001\00239232-1 }

Page  18 -  ANSWER TO FIRST AMENDED COMPLAINT

191.    Defendant denies the allegations of Paragraph 191 of the Complaint.

192.    Defendant denies the allegations of Paragraph 192 of the Complaint.

193.    Defendant denies the allegations of Paragraph 193 of the Complaint.

194.    Defendant denies the allegations of Paragraph 194 of the Complaint.

195.    Defendant denies the allegations of Paragraph 195 of the Complaint.

## ELEVENTH CLAIM FOR RELIEF

### (Injunction)

196.    Defendant repeats and incorporates herein by reference as though fully set forth their responses to Paragraphs 1-88 of the Complaint.

197.    Defendant denies the allegations of Paragraph 197 of the Complaint.

198.    Defendant denies the allegations of Paragraph 198 of the Complaint.

199.    Defendant denies the allegations of Paragraph 199 of the Complaint.

200.    Defendant denies the allegations of Paragraph 200 of the Complaint.

201.    Defendant denies the allegations of Paragraph 201 of the Complaint.

202.    Defendant denies the allegations of Paragraph 202 of the Complaint.

## AFFIRMATIVE DEFENSES

### (First Affirmative Defense)

203.    The Complaint, and each claim for relief thereof, fails to state facts sufficient to constitute a claim or claims for relief against Defendant.

### (Second Affirmative Defense)

204.    The Complaint, and each claim for relief thereof, fails to state facts sufficient to constitute a claim or claims for punitive damages against Defendant.

### (Third Affirmative Defense)

205.    The third claim, second count, fourth claim, fifth claim, sixth claim, seventh claim, eighth claim, and tenth claim are preempted or superseded by the California and Oregon

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Uniform Trade Secret Acts, California Civil Code sections 3426 *et seq.* and Oregon Rev. Stat. sections 646.461 *et seq.*, respectively

### (Fourth Affirmative Defense)

206.    The contract alleged in the Complaint, or portions thereof, is illegal and violates the public policy of the State of California.

### (Fifth Affirmative Defense)

207.    Recovery by Plaintiffs is barred, in whole or in part, by virtue of their unclean hands.

### (Sixth Affirmative Defense)

208.    The contract alleged in the Complaint is unconscionable and therefore unenforceable.

### (Seventh Affirmative Defense)

209.    Upon information and belief, recovery by Plaintiffs, or any of them, is barred in its entirety, or must be reduced, by virtue of Plaintiffs' failure to exercise reasonable care to mitigate any alleged damages.

### (Eighth Affirmative Defense)

210.    The information alleged by Plaintiffs to constitute trade secrets was readily ascertainable.

### (Ninth Affirmative Defense)

211.    The fifth and sixth claims are barred in their entirety by the privilege of fair competition.

### (Tenth Affirmative Defense)

212.    The fifth and sixth claims are barred in there entirety against Wilson and Proffitt by virtue of the manager's privilege.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**(Eleventh Affirmative Defense)**

213.    Count two of the fourth claim for relief is barred in that there was no special relationship between Mahalick and Plaintiffs.

**(Twelfth Affirmative Defense)**

214.    The ninth claim is barred because any use by Defendant of the alleged trademark constituted a fair use.

**(Thirteenth Affirmative Defense)**

215.    The ninth claim is barred because the alleged Mark has become a generic term not protected by the trademark law.

**WHEREFORE,** Defendant prays judgment against Plaintiffs, and each of them, as follows:

1.    That judgment be rendered in favor of Defendant and against Plaintiffs, and each of them, and that Plaintiffs, and each of them, take nothing by virtue of this action;

2.    That Defendant be awarded his reasonable attorneys' fees incurred herein;

3.    That Defendant be awarded his costs of suit incurred herein; and

4.    For such other and further relief as the court deems just and proper.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## DEMAND FOR JURY TRIAL

Defendant Scott Mahalick demands a trial by jury on all issues.

DATED this 1st day of March, 2010.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By:　　　　　/s/ Mark A. Friel
　　　　　**Keith A. Ketterling,** OSB No. 913368
　　　　　**Mark A. Friel,** OSB No. 002592

209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone:　(503) 227-1600
Facsimile:　(503) 227-6840
Email:　　　kketterling@stollberne.com
　　　　　　mfriel@stollberne.com

And

**Michael E. Caples**, SBN No. 96340 (Admitted *Pro Hac Vice*)
Fitzgerald Abbott & Beardsley LLP
1221 Broadway, 21st Floor
Oakland, CA 94612
Telephone:　(510) 451-3300
Facsimile:　(510) 451-1527
Email:　　　mcaples@fablaw.com

Attorneys for Defendant Scott Mahlick

{SSBLS Main Documents\8043\001\00239232-1 }

Page  22 -  ANSWER TO FIRST AMENDED COMPLAINT